IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN HOOK** | : | |
|     **Petitioner,** | : | |
| | : | |
|         **v.** | : | **CIVIL ACTION NO. 18-CV-4635** |
| | : | |
| **SUPERINTENDENT BARRY SMITH**, *et al.*, | : | |
|     **Respondents** | : | |

McHUGH, J.                                                                                          DECEMBER 15, 2020

## MEMORANDUM

This is an action seeking a writ of habeas corpus brought by a state prisoner, Brian Hook, pursuant to 28 U.S.C. § 2254.  He filed his first petition on October 22, 2018, and an amended petition through counsel on March 2, 2019. He seeks relief regarding alleged violations of his constitutional rights during his criminal trial in Pennsylvania state court, and further violations during subsequent collateral proceedings held pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa. Cons. Stat. Ann. §§ 9541-46; Pet., ECF No. 1; Am. Pet., ECF No. 10.  I adopt the well-reasoned Report and Recommendation of the Magistrate Judge recommending that the petition be denied. R. & R., ECF No. 13, and address Petitioner's objections below.

### A. Relevant Factual and Procedural History

Petitioner was convicted of first-degree murder and possession of an instrument of crime after a three-day jury trial on December 10, 2010. Resp. to Pet. for Writ of Habeas Corpus 1, ECF No. 12; *see also Commonwealth v. Hook*, No. CP-51-CR-0013429-2009, slip op. at 1-5 (Com. Pl. Ct. Phila. Cnty. July 8, 2011) (trial court opinion addressing appellate claims), ECF. No. 12-1; Am. Pet. 1-2.  The jury had been deadlocked at 6-6 following the first day of

deliberations, when the trial judge instructed the jury "not to discuss this case with anyone outside the jury deliberation room," and "not [to] discuss this case with your fellow jurors outside of the jury deliberation room," but simply to "mull over the facts and circumstances" at home. Am. Pet. 15.  The next day the jury delivered a unanimous verdict against Petitioner. Am. Pet 14-18; Resp. to Pet. for Writ of Habeas Corpus 4.  Petitioner's conviction became final on October 7, 2012 after he exhausted his avenues for appeal.  *See Commonwealth v. Hook*, No. 1322 EDA 2011 (Pa. Super. Jan. 9, 2012), *appeal denied*, 48 A.3d 1247 (Pa. 2012); Am. Pet. 2; Resp. to Pet. for Writ of Habeas Corpus 9.

In 2013, Petitioner timely sought relief under the PCRA, but the PCRA court dismissed his petition. *See Commonwealth v. Hook*, No. 857 EDA 2017, 2018 WL 1063782, at *1 (Pa. Super. Feb. 27, 2018), *appeal denied* 189 A.3d 990 (Pa. 2018); Am. Pet. 2; Resp. to Pet. for Writ of Habeas Corpus 4; *see also* 42 Pa. Cons. Stat. Ann. §§ 9541-46.  After the Pennsylvania Superior Court affirmed the dismissal, the Pennsylvania Supreme Court denied discretionary review. 189 A.3d 990; Am. Pet. 2; Resp. to Pet. for Writ of Habeas Corpus 4.

On October 22, 2018, Petitioner timely filed a *pro se* habeas petition with this Court, where he asserted that counsel during the appellate phase of his PCRA proceedings was constitutionally ineffective, in violation of the Sixth Amendment of the U.S. Constitution and his right to due process. Pet. ¶ 12; *see* U.S. Const. amend VI; U.S. Const. amend XIV § 1.  Shortly thereafter, Petitioner obtained counsel in this proceeding.  Am. Pet. 2.

On March 2, 2019, roughly three months after the expiration of the statute of limitations, Petitioner filed an amended petition that laid out alternative grounds for relief. Am. Pet.; Resp. to Pet. for Writ of Habeas Corpus 9.  Adding to the claims laid out in his initial habeas petition, Petitioner now argues that the trial court violated his constitutional right to due process and a fair

trial when it overruled defense counsel's objections to allegedly improper comments made by the prosecutor during the closing statement. Am. Pet. 7-8; *see* U.S. Const. amend VI; U.S. Const. amend. XIV § 1. He also contends that trial counsel was constitutionally ineffective during the underlying criminal proceeding because he failed to request an anti-deadlock instruction to be given to the jury pursuant to *Commonwealth v. Spencer*, 275 A.2d 299 (Pa. 1971), and because he failed to object to the trial court's instruction to the jurors at the end of the first day of deliberation. Am. Pet. 1; *see Spencer*, 275 A.2d at 304-05 (Pa. 1971); U.S. Const. amend. VI.

## B. Petitioner's Objections to the Report and Recommendation of the Magistrate Judge

### 1. Petitioner's claims in the initial habeas petition of October 22, 2018 do not fall within an exception recognized by *Martinez*.

In his initial habeas petition, Petitioner contends that his constitutional rights were violated by the actions of counsel during the appellate phase of the PCRA proceedings. Pet. ¶ 12 ("This issue . . . occurred during the appellate phase of the PCRA proceedings in the Pennsylvania Superior Court."). The Report of the Magistrate Judge correctly concluded that such claims are non-cognizable under the terms of the habeas statute, which expressly states that the "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." 28 U.S.C.A. § 2254(i); R. & R. 5-6. Petitioner nevertheless argues that he falls within the narrow exception to that rule laid out in *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Pet'r's Obj. to R. & R. 2. I disagree.

That narrow exception is limited to claims regarding the ineffectiveness of counsel in initial review collateral proceedings and thus does not apply here, where the claim relates to the ineffectiveness of counsel during the appellate phase of such proceedings. *See Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of

proceedings, including appeals from initial-review collateral proceedings") (internal citations omitted).  Petitioner's claims laid out in his initial habeas petition are therefore non-cognizable.

### 2. Petitioner's claims in the amended/supplementary petition of March 2, 2019 are untimely and lack substantive merit.

The Magistrate Judge also correctly concluded that the additional claims laid out in the initial amended/supplementary petition are time barred, given the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d); R. & R. at 8-9.  Petitioner does not contend that the amended habeas petition was filed prior to the expiration of the one-year statute of limitations; instead he argues that the claims are not time barred because they relate back to the timely filed *pro se* petition.  Pet'r's Obj. to R. & R. 4-5; *see* Fed. R. Civ. Pro. 15(c).  Again I disagree.

While it is true that a petition can be amended under Rule 15(c) to clarify claims already asserted following the expiration of the statute of limitations, a petitioner may not raise new claims or theories of relief via amendment. *See* Fed. R. Civ. Pro. 15(c); *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (An amendment "does not relate back (and therefore escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth"); *see generally United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999); *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000).  "Decisions applying Rule 15(c)(2) in the civil context illustrate that Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 646.

I agree with the Magistrate Judge that Petitioner's claim the trial court violated his right to a fair trial when it overruled objections to improper comments made by the prosecutor is untimely.  R. & R. 8-9.  It is nowhere included as a ground for relief in the initial habeas petition.

4

Pet. ¶ 12.  Petitioner references page 3 and 4 of the form presenting his *pro se* petition as a basis for finding that the amended petition properly relates back. Pet'r's Obj. to R. & R. 3.  But this information on the court's form related only to the history of the case, describing the claims he presented to the state courts on direct appeal and in the collateral PCRA proceedings. Pet. 3-4.  As the Commonwealth has persuasively argued, "[t]he claims sought to be presented to this Court in this proceeding are required to be (and were) set forth elsewhere" on that form. Resp. to Pet'r's Obj. to R. & R. 4.  Those claims focused exclusively on the conduct of counsel in the appellate phase of the PCRA proceedings. Pet. ¶ 12.  In sum, Petitioner's claim about the conduct of the trial court during the underlying proceedings differs in both "time and type" to the claims asserted as grounds for relief in the habeas petition and are therefore time barred. *See Mayle*, 545 U.S. at 650.

Turning to Petitioner's claim regarding the ineffectiveness of trial counsel during the three-day jury trial, it is similarly not listed as a ground for relief in the timely filed habeas petition. Pet. ¶ 12.   Once again, Petitioner argues that pages 3 and 4 of the court's form habeas petition encompass his allegation that trial counsel did not provide effective counsel for failure to object to the court's instruction to the jurors at the end of the first day of deliberation.  Pet'r's Obj. to R. & R. 3; Pet. 3-4.  For the same reasons as stated above, the information supplied does not suffice to meet the "relation back" requirements of Rule 15.  Pet'r's Obj. to R. & R. 3; *see Mayle*, 545 U.S. at 650; Fed. R. Civ. Pro. 15.

Finally, I address Petitioner's objection regarding the claim that trial counsel was ineffective for failing to request a *Spencer* instruction after the first day of deliberations. Petitioner correctly notes that under "Ground Two" of his initial petition, which alleges that "PCRA counsel abandoned federal law," he included as a "Supporting fact" that "PCRA counsel

5

abandoned federal law that supported petitioner's argument in regards to the *Spencer* charge." Pet'r's Obj. to R. & R. 4-5; Pet. ¶ 12.  There is, however, a clear distinction on the court's form between grounds for relief—where Petitioner's claim focuses solely on the conduct of counsel in the PCRA hearing—and the "Supporting facts" subsection for that claim, where Petitioner explains the reasons that PCRA counsel was ineffective. Pet. ¶ 12.  Once again, Petitioner's claim in the amended petition regarding the conduct of trial counsel differs in both "time and type" to the claims in his initial habeas petition regarding the ineffectiveness of counsel at the appellate PCRA proceedings. *See Mayle*, 545 U.S. at 650.

Even assuming that the amended petition properly "relates back" to Petitioner's claim regarding the ineffectiveness of counsel, the claim would nonetheless fail on the merits.  In order to succeed on an ineffective assistance of counsel claim, Petitioner must show both that counsel's representation fell below an objective standard of representation, and that counsel's deficient performance deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

I am persuaded by the Commonwealth's argument that Petitioner has not provided a reasonable explanation as to why the failure to request an *anti-deadlock* instruction when the jury was deadlocked at 6-6 would have been so obviously beneficial to the Petitioner's defense, let alone fall below an acceptable standard of representation.  Resp. to Pet'r's Obj. to R. & R. 8-9. As the Commonwealth aptly notes, under these circumstances there "would have been no good reason for counsel to fear that, absent additional jury instructions, jurors in the minority might feel unduly pressured to surrender their firmly-held views for the sake of unanimity. If the jury was 'solidly at 6-6,' there was, by definition, no majority and no minority." Resp. to Pet'r's Obj. to R. & R. 9.  More importantly, a defendant is innocent until proven guilty; a hung jury

represents the prosecution's failure to prove its case, and is, by any measure, a win for the defense.

I am further persuaded that the trial court's instructions to the jury—which expressly forbade further deliberation—appropriately permitted jurors *individually* to think about the case overnight, and that "[a]n instruction purporting to forbid jurors from *thinking* until specifically authorized by the court the following morning to resume thinking would be absurd." Resp. to Pet'r's Obj. to R. & R. 7. Therefore, even if Petitioner's ineffectiveness claim properly related back to the initial habeas petition, he has not demonstrated he is entitled to relief.

The Report and Recommendation will be adopted, and the Petition dismissed without an evidentiary hearing. Because reasonable jurists would not "find it debatable whether the district court was correct in its procedural ruling," a certificate of appealability will not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    /s/ Gerald Austin McHugh
United States District Judge